**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING,** | § | |
| Petitioner, P*ro Se,* | § | |
| v. | § | **Case No.** 4:26-cv-00950-P |
| **J.P. MORGAN CHASEBANK, N.A., *et al.*,** | § | |
| Respondents. | § | |

**PLAINTIFF'S MOTION AND BRIEF TO ADVANCE COUNT I FOR SPEEDY THRESHOLD JUDICIAL DETERMINATION UNDER RULE 57 AND 9 U.S.C. § 402(B)**

Plaintiff Joshua David Sappi Biering, *pro se*, moves under Federal Rule of Civil Procedure 57 to advance Count I for a speedy threshold judicial determination.

Count I seeks declaratory relief under 28 U.S.C. §§ 2201–2202. It invokes the EFAA definition in 9 U.S.C. § 401(4), makes the election authorized by § 402(a), and challenges the validity and enforceability of the Binding Arbitration Agreement ("BAA"), Plaintiff's Form U4 arbitration provision, and any other predispute arbitration agreement Defendants invoke. Dkt. 1 ¶¶ 163–175. Section 402(b) assigns those threshold determinations to the Court.

Defendants have stated that Plaintiff's claims "must be arbitrated before the AAA"; that "[i]f you refuse to arbitrate, JPMorgan will move to compel arbitration"; and that they will seek "[a] stay of the case in its entirety" pending disposition of that motion and "the resolution of any appeal" (Ex. A at 1–2). Plaintiff requests a fixed Rule 57 schedule and a court-first decision before any arbitration-based stay postpones the gateway Congress assigned to this Court. Plaintiff does not seek adjudication of the remaining counts through this specific Motion.

## I. BASIS FOR THRESHOLD RELIEF

### A. Count I Invokes Coordinated Provisions, Not § 402(b) Alone

Section 401(4) defines a "sexual harassment dispute." Section 402(a) supplies the substantive election: at the election of a person alleging conduct constituting such a dispute, no predispute arbitration agreement is valid or enforceable with respect to a case relating to that dispute. Section 402(b) assigns EFAA applicability and the validity and enforceability of the asserted agreement to the Court. 9 U.S.C. §§ 401(4), 402(a)–(b).

Sections 2201 and 2202 authorize declaratory and further relief in an actual controversy. 28 U.S.C. §§ 2201–2202. Rule 57 governs the procedure, provides that another adequate remedy does not preclude declaratory relief, and authorizes a speedy hearing. Fed. R. Civ. P. 57. The jurisdictional bases are those pleaded in the Complaint; neither the FAA nor the Declaratory Judgment Act is invoked as an independent grant of subject-matter jurisdiction. Dkt. 1 ¶¶ 27–30.

### B. Section 402(b) Fixes the Decisionmaker and Order of Decision

Section 402(b) provides: "The applicability of this chapter to an agreement to arbitrate and the validity and enforceability of an agreement to which this chapter applies shall be determined by a court, rather than an arbitrator." 9 U.S.C. § 402(b). That command applies irrespective of any contractual delegation provision. *Id.*

The required sequence is direct. Plaintiff invokes § 402(a); Defendants invoke predispute arbitration agreements; § 402(b) assigns applicability, validity, and enforceability to the Court; and the Court decides those questions before compelling arbitration. An arbitration-based stay should not postpone the antecedent determination Congress assigned to the Court.

## II. THE CONTROVERSY IS PRESENT

Defendants' August 7, 2026 letter establishes their current position. They identify the BAA and Form U4 as the agreements they will invoke, state that the claims must proceed in AAA,

announce a motion to compel, and seek a stay through any appeal (Ex. A at 1–2). The controversy is definite and immediate. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

The record also documents how the forum dispute arose. In JPM Bank's May 24, 2024 EEOC position statement, signed by Jeffrey S. Dunlap, counsel stated: "To the extent that Mr. Biering included allegations related to his Form U5 in an effort to have the EEOC adjudicate JPMS's conduct, he has done so erroneously because disputes over Form U5 reporting must be adjudicated in FINRA arbitration." No. 4:26-cv-00381-O, Dkt. 20-5 at 49, PageID 517 (Ex. C at 10).

Plaintiff proceeded in FINRA. On August 13, 2024, JPMS wrote that it "has not agreed and does not agree to arbitrate" the statutory employment claims in FINRA. The same letter stated that JPM Bank and JPMC "do not agree to arbitrate claims against them in FINRA arbitration." No. 4:26-cv-00381-O, Dkt. 20-7 at 5–6, PageID 599–600 (Ex. E at 2–3).

FINRA then directed Plaintiff to "delet[e] all causes of action or requests for relief based on statutory employment discrimination, sexual assault, or sexual harassment" or the case would "be closed without prejudice." No. 4:26-cv-00381-O, Dkt. 20-7 at 2, PageID 596 (Ex. D at 2).

Plaintiff filed the excluded claims protectively in AAA. The demand stated: "This AAA filing is not a concession that AAA is the proper forum and is not a waiver of Claimant's right to a judicial forum." It requested a stay pending judicial determination of arbitrability, forum, and the EFAA. No. 4:26-cv-00381-O, Dkt. 25-1 at 2, PageID 1471 (Ex. F at 2); *id.* at 10, PageID 1479 (Ex. F at 10).

AAA later stated that "Claimant has sought judicial intervention" and suspended administration to permit court action. No. 4:26-cv-00381-O, Dkt. 25-6 at 2, PageID 1497 (Ex. G at 2). On July 8, 2026, AAA confirmed that it would "continue to hold the above-captioned matter

in abeyance pending a court decision or a request to continue administration." No. 4:26-cv-00381-O, Dkt. 50-1 at 1, PageID 2586 (Ex. H at 1). Defendants' August 7 letter confirms that the unresolved gateway dispute is now before this Court. It is not contingent on a future disagreement.

## III. COUNT I PRESENTS THE § 402 GATEWAY

Count I alleges an actual controversy over the BAA, Form U4, Plaintiff's EFAA election, and the judicial determination required by § 402(b). Dkt. 1 ¶¶ 163–175. Plaintiff made the § 402(a) election expressly and disclaimed any consent to arbitral determination of the gateway. *Id.* ¶¶ 165–167, 174–175.

Count III pleads sex-based harassment and hostile work environment under Texas law. *Id.* ¶¶ 182–187. The incorporated allegations concern an internal sexual-harassment report, a "serious allegation of sexual assault," the use of anti-harassment procedures, differential treatment of the male and female participants, and the effect of those characterizations on Plaintiff's employment and regulatory record. *Id.* ¶¶ 75, 78, 80–85, 101, 103, 112–115, 146–149.

Whether those allegations satisfy § 401(4), whether § 402(a) applies, and whether the asserted agreements remain enforceable are the determinations § 402(b) assigns to the Court. This Motion does not ask the Court to resolve those questions before Defendants respond. It asks the Court to establish the decisionmaker and order of decision and to advance Count I for prompt resolution.

## IV. RULE 57 WARRANTS A SPEEDY DETERMINATION

Rule 57 is not incidental to the requested relief. Count I is a declaratory-judgment claim, and Rule 57 expressly provides both that another adequate remedy does not preclude declaratory relief and that the Court "may order a speedy hearing" of the claim. Fed. R. Civ. P. 57. Plaintiff therefore requests a fixed, prompt schedule for determining the § 402 gateway.

Plaintiff does not request a precipitous ruling or disposition before Defendants are heard. He requests briefing no slower than the ordinary Local Rule 7.1 schedule, decision on the papers unless the Court finds a hearing necessary, and resolution of the gateway before any arbitration-based stay. Defendants may present their contrary EFAA and arbitration arguments in their response or in a companion motion to compel. Section 402(b) nevertheless requires the Court—not an arbitrator—to decide the threshold questions.

Delay does not preserve a neutral status quo. AAA continues to hold the protective proceeding "in abeyance pending a court decision or a request to continue administration." No. 4:26-cv-00381-O, Dkt. 50-1 at 1, PageID 2586 (Ex. H at 1). Meanwhile, Defendants intend to stay this entire action—including their Rule 12 response deadline and all other pretrial deadlines—through disposition of a motion to compel and any appeal (Ex. A at 1–2). They also state that, absent consolidation in AAA, Plaintiff may be required to proceed before "two separate arbitral tribunals." *Id.*

Without threshold judicial action, Plaintiff must preserve the same dispute across this Court, a dormant AAA proceeding, and a possible renewed FINRA proceeding while the question Congress assigned to the Court remains undecided. That produces continuing expense, duplication, forum uncertainty, and risk of inconsistent procedural rulings.

Plaintiff's *pro se* status does not alter the governing legal standard. It does make the practical prejudice from simultaneous or serial proceedings concrete: Plaintiff must personally preserve claims, deadlines, objections, and records across each proposed forum while Defendants seek to defer the judicial gateway through any appeal.

A prompt court-first determination accords with this District's established administration-of-justice principles and the posture of this record. The operative facts and relevant parties have

not materially changed since October 2023; what has changed is Defendants' forum posture. *See* No. 4:26-cv-00381-O, Dkt. 11 ¶ 63.

Moreover, the same controversy has been in federal court since March 30, 2026, and Defendants have already invoked timing relief there, moving for "a 21-day extension of time to respond" while explaining that Greenberg Traurig had appeared in AAA but, "at the time," had not been engaged to appear in the federal action. *Id.*, Dkts. 1, 17 at 1, 3–4; *see also id.*, Dkts. 26–27. That record reflects a mature dispute and a shifting forum posture, not a premature request.

Further delay would impose practical injury that later review cannot fully undo. *See Axon Enter., Inc. v. FTC*, 598 U.S. 175, 191 (2023) (explaining that being subjected to an allegedly unlawful proceeding is a "here-and-now injury" that later review cannot erase); *Alpine Sec. Corp. v. FINRA*, 121 F.4th 1314, 1343–44 (D.C. Cir. 2024) (recognizing practical timing injury where later review cannot restore the process and burdens already incurred).

Rule 57 sequencing also aligns with *Dondi*'s expectation that civil litigation be administered toward the "just, speedy, and inexpensive determination" of the action; here, inefficient sequencing would add litigation expense principally to Plaintiff while leaving the § 402 gateway unresolved. *Dondi Props. Corp. v. Commerce Sav. & Loan Ass'n*, 121 F.R.D. 284, 286, 288–90 (N.D. Tex. 1988).

## V. RELIEF REQUESTED

Plaintiff respectfully requests an order:

(i) advancing Count I for a speedy threshold determination under Federal Rule of Civil Procedure 57;

(ii) establishing that 9 U.S.C. § 402(b) assigns EFAA applicability and the validity and enforceability of the BAA, the Form U4 arbitration provision, and any other predispute arbitration agreement Defendants invoke to the Court;

(iii) setting a fixed briefing schedule no slower than the ordinary Local Rule 7.1

schedule, with decision on the papers unless the Court determines that a hearing is necessary;

(iv) requiring the § 402 gateway to be resolved before arbitration is compelled;

(v) providing that no arbitration-based stay will postpone the Court's determination of that gateway; and

(vi) granting such other relief as is just and proper.

A proposed order is submitted separately.

Respectfully submitted,

Joshua David Sappi Biering

**JOSHUA DAVID SAPPI BIERING**
Plaintiff, *Pro Se*
4635 Washburn Avenue
Fort Worth, Texas 76107
(682) 218-6738
jdsb@bierfam.com

## CERTIFICATE OF CONFERENCE

Plaintiff conferred in writing with Elizabeth A. Bones, counsel for Defendants, on August 7, 2026 (Ex. A), and responded in writing the same day (Ex. B). Agreement could not be reached because Defendants contend that Plaintiff's claims must be arbitrated in AAA and intend to seek an arbitration-based stay pending disposition of a motion to compel and any appeal. Defendants oppose the requested relief.

Joshua David Sappi Biering

**JOSHUA DAVID SAPPI BIERING**
Plaintiff, *pro se*

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2026, a true and correct copy of the foregoing document was served on counsel of record through the Court's CM/ECF system.

Joshua David Sappi Biering

**JOSHUA DAVID SAPPI BIERING**
Plaintiff, *pro se*