GreenbergTraurig

Elizabeth Bones
*Board Certified – Labor and Employment Law*
*Texas Board of Legal Specialization*
(214) 665-3798
Beth.Bones@gtlaw.com

August 7, 2026

***Via Email***
Joshua Biering
4635 Washburn Avenue
Fort Worth, TX 76107
jdsb@bierfam.com

Re: *Biering v. JPMorgan Chase Bank, N.A., et al.*; Case No. 4-26-cv-950-P-BJ; pending in the United States District Court of the Northern District of Texas, Fort Worth Division

Dear Mr. Beiring:

We write on behalf of our clients, JPMorgan Chase Bank, N.A., JPMorgan Chase & Co., and J.P. Morgan Securities, LLC (collectively, "JPMorgan"), in connection with the above-referenced matter. Pursuant to our obligations under the applicable Local Rules, we are writing to confer regarding the requested relief and to obtain your position on the following:

1. JPMorgan's anticipated motion to compel this dispute to arbitration;
2. A three-week extension of JPMorgan's deadline to respond to your Complaint with a motion to compel arbitration, through and including September 18, 2026; and
3. A stay of the case in its entirety pending the Court's ruling on JPMorgan's forthcoming motion to compel arbitration and the resolution of any appeal.

**1. Your claims are subject to the Binding Arbitration Agreement and must be arbitrated before the AAA.**

JPMorgan is open to discussing a path that avoids duplicative proceedings and allows your claims to be addressed in a single forum, as you have indicated you prefer. You will recall that JPMorgan extended that offer at the time you filed your FINRA arbitration, proposing that all claims proceed before the American Arbitration Association ("AAA"). You declined that proposal and instead elected to pursue this parallel, piecemeal course of litigation. Notwithstanding that history, JPMorgan's preference remains consolidation of all claims in a single arbitral forum.

To the extent any claim asserted against J.P. Morgan Securities LLC ("JPMS") must be arbitrated in FINRA, rather than the AAA, and you do not agree to consolidate your claims in AAA, you will then be required to proceed before two separate arbitral tribunals.

**2. JPMorgan intends to seek an extension of time to respond to the Complaint with a motion to compel arbitration and stay all other deadlines until that motion and any appeal is fully decided.**

If you refuse to arbitrate, JPMorgan will move to compel arbitration. Your new federal court lawsuit filed on August 3, 2026, asserts claims that must be arbitrated in AAA. As we have previously communicated, you are bound by the arbitration agreement you executed at the commencement of your employment with JPMorgan Chase Bank, as well as by the arbitration obligations arising under your Form U4. Accordingly, JPMorgan intends to move to compel arbitration of your claims. Based on your assertion that all three JPMorgan entities were served on August 6, JPMorgan's current deadline to respond to the Complaint is August 28. JPMorgan intends to ask the Court to extend that deadline by 21 days, to September 18. Please let us know if you are opposed to that short extension of time.

**3. JPMorgan intends to ask the Court to stay all other deadlines until the motion to compel is fully decided.**

JPMorgan further intends to seek a stay of the federal court proceedings while its motion to compel and any appeal are pending, including a stay of JPMorgan's deadline to respond to your Complaint under Federal Rule of Civil Procedure 12 and all other pretrial deadlines. There is simply no reason for the parties to submit briefing to the court on the merits when the case belongs in arbitration. Please let us know if you are opposed to that proposal to stay the court proceedings.

Please advise us of your position on JPMorgan's motion to compel, motion for an extension of time, and motion to stay the case pending a ruling on the motion to compel no later than the end of the day on **Monday, August 10, 2026**, so that we may comply with our meet-and-confer obligations under the Local Rules. If a phone call is necessary, I have provided some available times in my cover letter. Alternatively, please provide times when you are available.

Nothing contained in this letter constitutes a waiver of any defense, right, or argument that JPMorgan may have with respect to your claims. While JPMorgan maintains that arbitration is the proper and contractually required forum for resolution of this dispute, it equally maintains—as it has consistently—that your claims are without merit.

We look forward to your prompt response.

Sincerely,

Elizabeth Bones
Greenberg Traurig, LLP
Counsel for JPMorgan