CONFIDENTIAL

**Joshua David Sappi Biering**
Plaintiff, *Pro Se*
4635 Washburn Avenue
Fort Worth, Texas 76107
(682) 218-6738
jdsb@bierfam.com

*Via Email*

**Elizabeth A. Bones**
Greenberg Traurig, LLP
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
(214) 665-3798
beth.bones@gtlaw.com

August 7, 2026

**Re: Response to Greenberg Traurig's August 7, 2026, Letter & Conference Positions**
*Biering v. JPMorgan Chase Bank, N.A., et al.*, No. 4:26-cv-00950-P

Ms. Bones,

This responds to your August 7, 2026, letter confirming that Greenberg Traurig represents JPMorgan Chase Bank, N.A., JPMorgan Chase & Co., and J.P. Morgan Securities LLC in Case No. 4:26-cv-00950-P.

You are correct that N.D. Tex. Local Civil Rule 7.1 does not require a conference before a summary-judgment motion. My request to confer was intentional and consistent with the standards of litigation conduct adopted in *Dondi Properties Corp. v. Commerce Savings & Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988) (en banc).

Your letter now makes Defendants' positions clear for conference purposes.

## I. Defendants' Positions As I Understand Them

***Defendants contend that:***

(1) The claims are subject to compulsory arbitration under the Firm's Binding Arbitration Agreement (the "BAA") and/or Form U4;

(2) Defendants will move to compel arbitration;

(3) Defendants seek an extension of the Rule 12 deadline to September 18, 2026; and

(4) Defendants seek a stay of the entire case through resolution of the motion to compel and any appeal.

**I disagree and my positions are set forth below.**

## II. Plaintiff's Positions

***I oppose the anticipated motion to compel***. The Complaint invokes the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act ("EFAA"), and 9 U.S.C. § 402(b) assigns the applicability, validity, and enforceability questions to the Court, not an arbitrator.

***My protective AAA filing expressly reserved those judicial gateway issues and the AAA proceeding remains in abeyance pending judicial resolution***. *See, e.g.*, *Bruce v. Adams & Reese, LLP*, 168 F.4th 367 (6th Cir. 2026).

***I oppose any stay that would postpone the Court's § 402(b) determination.*** Whether this case belongs in arbitration is a threshold question Congress assigned to the Court. *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023), addresses a stay after denial of a motion to compel.

***I also oppose the requested extension to September 18.*** Although this action is new, the controversy is not. Defendants and Greenberg Traurig have already addressed the relevant agreements, forum positions, arbitration proceedings, and related federal litigation. Switching counsel midstream does not warrant the requested extension.

***Piecemeal Litigation***

***I object to Defendants' characterization that I elected piecemeal litigation***. I did not. JPMorgan drafted the BAA to cover its defined JPMorgan enterprise and Covered Claims, including JPMorgan Chase & Co. and its direct and indirect subsidiaries. Ex. B.1 ¶¶ 1, 3.

***Any fragmentation resulted from Defendants' forum positions, not from any election by me.*** Dkt. 11 states that I upheld my end of the bargain by asserting "all Covered Claims against all Covered Parties in the required FINRA forum." Dkt. 11 at 5. It further records that I submitted the dispute to FINRA under the BAA, filed AAA only protectively, refused consent to a second fragmented arbitral forum, and reserved the excluded statutory claims, non-JPMS parties, EFAA rights, estoppel, and non-concession positions. Id. at 15–18 ¶¶ 33–41.

***That conduct also preserves waiver.*** Waiver is the "intentional relinquishment or abandonment of a known right," and Defendants knowingly declined the arbitral forum rights they now seek to invoke: despite the BAA granting consent for Covered Claims and Covered Parties, JPMS refused Rule 13201(a) consent for the statutory employment claims, while JPMC and JPM Bank likewise stated they "do not agree" to arbitrate in FINRA. *Morgan v. Sundance, Inc.*, 596 U.S. 411, 417–19 (2022) (prejudice not required); Dkt. 20-7 at PageID 599–600.

## III. Constitutional & Statutory Reservation

I expressly invoke and preserve all Article III, Seventh Amendment, EFAA, waiver, estoppel, and related objections to any effort to require adjudication of these private rights outside an Article III court. *Smith v. SEC*, No. 24-3907 (6th Cir. Mar. 27, 2026), underscores the need to preserve those objections before the tribunal asked to act.

Nothing in this letter shall be construed as conceding that: (1) FINRA correctly interpreted or applied the BAA; (2) the non-JPMS entities were beyond arbitral or judicial reach; (3) the Award's no-determination language has preclusive effect; (4) the protective AAA filing constituted consent, election, or waiver; or (5) any non-Article III tribunal may finally decide issues reserved to an Article III court.

## IV. Summary of Positions

For conference purposes, I oppose Defendants' anticipated motion to compel, requested stay, blanket appellate stay, requested extension to September 18, and any characterization that I fragmented the parties, claims, or forums. I do not agree to voluntary consolidation of all claims in AAA. I will seek prompt judicial determination under § 402(b), and I preserve all Article III, Seventh Amendment, waiver, estoppel, and related objections.

If Defendants believe I have misunderstood any position stated in the August 7 letter, please identify the correction in writing. Otherwise, I understand the parties' positions to be sufficiently established for conference purposes.

Regards,

Joshua David Sappi Biering

**Joshua David Sappi Biering**
Plaintiff, *Pro Se*