**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING,** | § | |
| *Petitioner, Pro Se,* | § | Case No. 4:26-cv-00381-O-BP |
| **v.** | § | |
| **J.P. MORGAN SECURITIES, LLC,** | § | FINRA Case No. 24-01208 |
| **JPMORGAN CHASE & CO., and** | § | EEOC Charge No. 450-2024-04743 |
| **JPMORGAN CHASE BANK, N.A.,** | § | AAA Case No. 01-26-0000-7215 |
| *Respondents.* | § | |

---

# EXHIBIT F.02

## JPMS Letter Disclaiming Statutory Claims
## F.02-001 – 002

---

| | |
|---|---|
| **Description:** | FINRA arbitration correspondence or procedural filing from the case record. |
| **Relevance:** | Documents the procedural history bearing on forum scope, panel administration, or pre-award notice issues. |
| **Source:** | FINRA Case No. 24-01208 – Respondent JPMS letter (Aug. 13, 2024) |
| **Petition Ref:** | ¶¶ 3, 86 (Dkt. 11); App. A p. 51 ("JPMS Letter objecting to statutory claims / non-member jurisdiction (Aug. 13, 2024)") |
| **Disclosures:** | None — reproduced as produced, no added markings |
| **Filing Status:** | Public - not sealed |

UBGreensfelder

Partner

DIRECT 216.583.7026
DIRECT FAX 216.583.7027
EMAIL jdunlap@ubglaw.com

**<u>VIA FINRA DR PORTAL</u>**

August 13, 2024

Aracelly Hernandez
FINRA Dispute Resolution Services
Brookfield Place
200 Liberty Street
New York, New York

**RE: *Biering v. J.P. Morgan Securities LLC, et al.,* FINRA Case No. 24-01208**
**Arbitrator Selection**

Dear Aracelly:

The purpose of this letter is to inform FINRA that, pursuant to FINRA Rule 13201, Respondent J.P. Morgan Securities LLC ("Respondent") **<u>does not agree</u>** to arbitrate Claimant's statutory employment discrimination claims in this forum.[1] Accordingly, Respondent respectfully submits that FINRA has incorrectly composed the Arbitrator Selection List for this case.

FINRA Rule 13201 applies to cases involving claims of sexual assault, sexual harassment, or statutory employment discrimination, and states in relevant part:

> (a) **A claim alleging employment discrimination in violation of a statute is not required to be arbitrated under the Code.** Such a claim may be arbitrated **only** if the parties have agreed to arbitrate it, either before or after the dispute arose. If the parties agree to arbitrate such a claim, the claim will be administered under Rule 13802. (Emphasis added).

In his Statement of Claim, Claimant pleads two statutory employment discrimination claims. *See* Claimant's Amended Statement of Claim at ¶¶120-134. Respondent has not agreed and does not agree to arbitrate these claims in FINRA.

When he became registered with JPMS, Claimant agreed in his Form U4 to submit claims he may have against JPMS to arbitration in FINRA. It appears that FINRA may have incorrectly assumed that an arbitration panel composed under Rule 13802 is appropriate in this case for two reasons: (1) because Claimant pled two statutory employment discrimination claims in his Statement of Claim, and (2) because of the Binding Arbitration Agreement (the "AAA Agreement") that was appended to Claimant's Statement of Claim at pages 95-105.[2] FINRA's

BOCA RATON
CHICAGO
CINCINNATI
CLAYTON, MO
CLEVELAND
COLUMBUS, OH
NEW YORK
SO. ILLINOIS
ST. LOUIS
WASHINGTON, DC

UBGLAW.COM

[1] In addition, JPMorgan Chase Bank, N.A., and JPMorgan Chase & Co., which are not FINRA member firms, do not agree to arbitrate claims against them in FINRA arbitration.

[2] Respondents note that the Agreement was not appended to Claimant's First Amended Statement Claim filed on August 12, 2024.

Aracelly Hernandez
August 13, 2024
Page 2

interpretation of both issues is incorrect. First, Respondent has not agreed and does not agree to arbitrate Claimant's statutory employment claims in FINRA. Second, Claimant's AAA Agreement indicates that Claimant and his former employer – which is JPMorgan Chase Bank, N.A. – agreed to arbitrate certain claims before a single arbitrator of the American Arbitration Association. Claimant's Agreement therefore has no bearing on the present FINRA arbitration.

Accordingly, Respondent respectfully requests that FINRA issue a new Arbitrator Selection List pursuant to FINRA Rule 13402(b).[3] Neither Claimant nor Respondent would be prejudiced by the re-issuance of arbitrator selection materials since Claimant filed a First Amended Statement of Claim on August 12, 2024, extending the deadline by which Respondent must file its Statement of Answer in this case to September 5, 2024. *See* FINRA Rule 13310(a).

Notwithstanding the objections it has set forth in this letter, Respondent is prepared to submit arbitrator selection rankings by the end of the day today, August 13, 2024, in response to the original Arbitrator Selection List so that Respondent is not accused of ignoring currently set deadlines. By doing so, however, Respondent is not acquiescing to arbitrate Claimant's claims before a panel composed under FINRA Rule 13802. Moreover, Respondent is not waiving its rights to have a panel composed under FINRA Rule 13402(b), and expressly reserves all of its rights with respect to this issue.

If you have any questions, please do not hesitate to contact me by telephone at 216-583-7026 or by email at Jdunlap@ubglaw.com.

Sincerely,

*/s/ Jeffrey S. Dunlap*

Jeffrey S. Dunlap

cc: Joshua Iacuone, (via FINRA DR Portal)
Anna Richardson (via FINRA DR Portal)
Emma Tomsick

[3] Under FINRA Rule 13401(c), the panel in this case should be composed of three arbitrators. *See* FINRA Rule 13401(c). Under FINRA Rule 13402(b), the three arbitrator panel should be composed of a non-public arbitrator, and two public arbitrators, one of whom shall serve as the chairperson. *See* FINRA Rule 13402(b).