**Joshua David Sappi Biering**
Plaintiff, *Pro Se*
4635 Washburn Avenue
Fort Worth, Texas 76107
(682) 218-6738
jdsb@bierfam.com

*Via Email*

**Elizabeth A. Bones**
Greenberg Traurig, LLP
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
(214) 665-3798
beth.bones@gtlaw.com

August 11, 2026

**Re: Status Following August 11 Conference**

*Biering v. JPMorgan Chase Bank, N.A., et al.*, No. 4:26-cv-00950-P (N.D. Tex.)
*Biering v. J.P. Morgan Securities LLC, et al.*, No. 4:26-cv-00381-O-BP (N.D. Tex.)
AAA No. 01-26-0000-7215 (abeyance); FINRA No. 24-01208 (award confirmed)

Ms. Bones,

This supplements my August 7 response and Dkt. 9. Those positions remain unchanged and are incorporated by reference. **Positions.** I oppose the anticipated motion to compel, the requested extension to September 18, the requested stay through disposition of the motion to compel and any appeal, and consolidation of all claims in AAA.

**Sequencing.** We agree that the § 402(b) gateway should precede adjudication of the merits. On the call, you asked whether Defendants should respond to the Complaint and move to compel on the existing schedule; I answered yes. The August 28 response deadline and the Court's consideration of Dkt. 9 can run concurrently. Neither party controls when the Court will rule. If Dkt. 9 is decided first, the ruling may narrow what follows; if not, Defendants will have timely presented their responsive position. Gateway first does not itself require an extension or advance stay.

**Clarification.** Your August 11 email characterized Dkt. 9 as filed "instead" of the Rule 56 motion discussed on August 7. My August 7 response had already stated that I "will seek prompt judicial

determination under § 402(b)." Dkt. 9 is that motion and expressly does not seek summary judgment. I continue to anticipate summary judgment on the existing record.

**AAA and preservation.** I also object to characterizing my position as a refusal to arbitrate or an election of piecemeal litigation. My August 7 response and Dkt. 9 already set out the FINRA history, Defendants' forum positions, the resulting waiver issue, and the protective nature of my AAA filing; I do not repeat that record here. Arbitration is "strictly a matter of consent." *Granite Rock Co. v. International Brotherhood of Teamsters*, 561 U.S. 287, 299 (2010). My non-consent to AAA preserves the § 402(b), Article III, and Seventh Amendment positions already asserted; it is not an election for duplication. The BAA itself states that resolving an employment dispute without litigation is in both sides' best interests. Related Case, Dkt. 20-2 at 7, PageID 280.

**Smith underscores the preservation point.** The Sixth Circuit stated: "All that said, had Smith raised his constitutional challenge before the SEC, he may well have been entitled to a jury trial in federal court." *Smith v. SEC*, No. 24-3907, 2026 FED App. 0174P, at 14 (6th Cir. June 16, 2026). The court nevertheless could not reach the constitutional challenge because it had not been preserved. I cite *Smith* for that limited point. The EFAA election and alternative waiver position are already briefed in my August 7 response and Dkt. 9.

**Stay and downstream effect.** Your August 7 letter seeks an extension followed by a stay through resolution of the motion to compel and any appeal. If a motion to compel is denied and Defendants appeal under § 16(a), *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740-44 (2023), requires the district-court proceedings to be stayed during that appeal.

An advance stay would begin that pause before the statutory appellate posture exists and could then be followed by the mandatory appellate stay. The majority recognized coercive settlement pressure on the party seeking arbitration absent the appellate stay, *id.* at 743; Justice Jackson identified the reciprocal pressure once a stay leaves the opposing party's claims in limbo, *id.* at 758-59 (Jackson, J., *dissenting*). That downstream effect - not the order in which the gateway should be decided - is where we disagree.

**Asymmetry and delay.** Defendants are not encountering these agreements, claims, records, or forum issues for the first time. The related federal record describes JPMorgan as an approximately $4.4 trillion institution; I am proceeding *pro se*. Related Case, Dkt. 18 at 2-3 & nn.1-3, PageID 253-54. That scale does not alter the legal standard. It is relevant to discretionary requests for additional time and an open-ended stay, where the burden of delay falls unevenly. The existing record already documents financial, business, professional, reputational, and health effects; I do not restate them here. *Dondi Properties Corp. v. Commerce Savings & Loan Ass'n*, 121 F.R.D. 284, 286, 293 (N.D. Tex. 1988) (en banc), addresses both prompt administration and litigation cost that can place justice beyond a litigant's financial reach. The timing and structural authorities already cited in Dkt. 9, including *Axon* and *Alpine*, preserve the related point that some consequences are not fully remediable later.

**Advance notice.** If Defendants seek the extension or advance stay, I will oppose. If Defendants move to compel, I will oppose on the grounds already identified. I continue to anticipate summary judgment. Any appellate issue will be preserved and addressed in the posture in which it arises. I state that course now, before Defendants' anticipated filing and before any ruling, so there is no later issue concerning notice, novelty, or surprise.

Nothing here modifies any claim, election, waiver position, constitutional reservation, remedy, or appellate right stated in my August 7 response or Dkt. 9. My protective AAA participation remains non-consent to AAA as the merits forum or to consolidation. If I have misstated Defendants' position on any conference item, please identify the correction in writing.

Very respectfully,

Joshua David Sappi Biering

**Joshua David Sappi Biering**
Plaintiff, *Pro Se*

cc:

Christopher S. Dodrill, Greenberg Traurig, LLP
Jennifer Tomsen, Greenberg Traurig, LLP