**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING,**<br><br>Plaintiff, *Pro Se*,<br>v.<br><br>**JPMORGAN CHASE BANK, N.A., JPMORGAN CHASE & CO., and J.P. MORGAN SECURITIES LLC,**<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No.** 4:26-cv-00950-P<br>Related Case No. 4:26-cv-00381-O<br>FINRA Case No. 24-01208<br>EEOC Charge No. 450-2024-04743<br>AAA Case No. 01-26-0000-7215 |

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Joshua David Sappi Biering moves under Federal Rule of Civil Procedure 56(a) for partial summary judgment on Counts II through XIII of the operative complaint and, alternatively, under Rule 56(g) for an order treating the undisputed claim parts and objective chronology identified in Plaintiff's supporting brief as established for this action.

The grounds, record, requested claim-part rulings, party-specific limits, and alternative Rule 56(g) findings are set out in Plaintiff's separately filed supporting brief and consecutively paginated evidence appendix.

The consolidated UMF control document is a drafting aid and is not itself offered as record evidence. Plaintiff incorporates the supporting brief and record appendix by reference without reproducing their argument in this Motion.

**Relief Requested**

Plaintiff respectfully requests the party-specific and claim-specific relief stated in the supporting brief, including:

(1) the employer and actor-attribution rulings supported by the cited entity records;

(2) as against J.P. Morgan Securities LLC only, preclusion of relitigation of the four Form U5 correction determinations actually made in the confirmed FINRA Award;

(3) partial summary judgment on the claims or claim parts established under Rule 56(a);

(4) an award of the damages the record fixes without genuine dispute — $15,410.96 on Count XII and economic damages of not less than $10,684,412, supported up to $17,958,189, under the unrebutted Spindler schedules (App. 0896–0908) — with any greater or additional amount for trial; and

(5) alternatively, the enumerated Rule 56(g) findings fixing the objective documentary chronology.

The Motion does not seek to apply the Award preclusively against JPMorgan Chase Bank, N.A. or JPMorgan Chase & Co. The Award's express non-determination as to those entities and its denial of other submitted relief remain preserved.Count I remains pleaded but is not presented in this Motion. Plaintiff asks for damages on this Motion to the extent the record fixes them without genuine dispute; any greater or additional amounts, and remedy-specific relief not resolved under Rule 56, remain for further proceedings. The requested economic damages exclude exemplary damages, which are preserved together with all other relief legally available.

Respectfully submitted,

Joshua David Sappi Biering

**Joshua David Sappi Biering**
Plaintiff, *Pro Se*
4635 Washburn Avenue
Fort Worth, Texas 76107
(682) 218-6738
jdsb@bierfam.com

**CERTIFICATE OF CONFERENCE**

Although N.D. Tex. Civ. R. 7.1(a) exempts summary-judgment motions, Plaintiff conferred with Defendants' counsel on August 7 and 11, 2026. While the parties have engaged in compromise communications subject to Fed. R. Evid. 408, those discussions have only confirmed a fundamental divide. Defendants oppose this Motion. See Dkts. 9-1, 9-2.

**Joshua David Sappi Biering**
Plaintiff, *Pro Se*

**CERTIFICATE OF SERVICE**

I hereby certify that on the date this Motion is filed, a true and correct copy of the foregoing document was served upon counsel of record via the Court's ECF/CM system in accordance with the Federal Rules of Civil Procedure.

**Joshua David Sappi Biering**
Plaintiff, *Pro Se*