# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING,** | § | |
| | § | |
| Plaintiff, *Pro Se*, | § | **Case No.** 4:26-cv-00950-P |
| v. | § | |
| | § | Related Case No. 4:26-cv-00381-O |
| **JPMORGAN CHASE BANK, N.A., JPMORGAN CHASE & CO., and J.P. MORGAN SECURITIES LLC,** | § | FINRA Case No. 24-01208 |
| | § | EEOC Charge No. 450-2024-04743 |
| | § | AAA Case No. 01-26-0000-7215 |
| Defendants. | § | |
| | § | |

**PLAINTIFF'S RULE 72(a) OBJECTIONS TO DKTS. 12 AND 16**

Plaintiff Joshua David Sappi Biering, *Pro Se*, respectfully objects, under FEDERAL RULE OF CIVIL PROCEDURE 72(a) and LOCAL CIVIL RULE 72.1, to two orders of the magistrate judge. First, Plaintiff objects to the Order at DKT. 16, which denied Plaintiff's Motion for Partial Summary Judgment (DKT. 15) as premature before any Defendant answered, invoked RULE 56(d), or identified a fact needed to oppose the motion. Second, Plaintiff objects in limited part to the Order at DKT. 12, which extended Defendants' deadline to answer or otherwise respond to the Complaint to September 18, 2026.

The grounds for these objections are set forth in the accompanying Brief in Support of RULE 72(a) Objections to DKTS. 12 and 16, filed herewith and incorporated by reference. As explained in the Brief, DKT. 16 is contrary to law and clearly erroneous insofar as it terminated a properly filed RULE 56 motion before the adversarial process began, and DKT. 12 warrants the limited modification and clarification described below. FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). To the extent DKT. 16 is construed to finally extinguish the filed motion or any RULE 56 opportunity, Plaintiff alternatively requests de novo determination. FED. R. CIV. P.

72(b)(3); 28 U.S.C. § 636(b)(1)(B)–(C).

Plaintiff respectfully requests that the District Judge:

(i) **SUSTAIN IN PART** the objection to Dkt. 16 and modify Dkt. 16 by reinstating Dkt. 15 as a pending motion;

(ii) **HOLD DKT. 15 IN ABEYANCE** pending resolution of Dkt. 9, with no merits response due during the abeyance;

(iii) **ESTABLISH A CONDENSED RESPONSE SCHEDULE** limited to any § 402(b)/arbitrability issue not already addressed in Dkts. 10–11 or take Dkt. 9 under submission;

(iv) **IF NECESSARY**, conduct an expedited Rule 16(a) conference confined to the EFAA/arbitrability gateway and the sequence for Dkt. 15;

(v) **AFTER DKT. 9 IS RESOLVED**, if this action remains in this Court, set the response and reply dates for Dkt. 15 and permit any Defendant seeking discovery-based deferral to proceed under Rule 56(d);

(vi) **ALTERNATIVELY**, if Dkt. 15 is not reinstated, clarify that Dkt. 16 is without prejudice, adjudicates no Rule 56(a) or Rule 56(g) issue, does not consume Plaintiff's opportunity under Local Civil Rule 56.2(b), and permits renewal of the same motion without further leave upon a defined triggering event;

(vii) **MODIFY DKT. 12** by restoring the original deadline or setting the earliest practicable shortened date; alternatively, if the present enlargement remains, make September 18 a firm outside deadline subject to no further enlargement absent new and particularized good cause; and in either event clarify that Dkt. 12 governs only Defendants' deadline to answer or otherwise respond to the Complaint and does not stay or extend Dkt. 9, determine the status of Dkt. 15, or alter separately ordered motion practice; and

(viii) **GRANT SUCH OTHER RELIEF** as the Court deems appropriate.

Respectfully submitted,

Joshua David Sappi Biering

**Joshua David Sappi Biering**
Plaintiff, *Pro Se*

## CERTIFICATE OF CONFERENCE

Plaintiff conferred with Defendants' counsel on August 7 and August 11, 2026 concerning the EFAA/arbitrability gateway, the requested extension, and responsive motion practice. Plaintiff opposed the extension and stay, requested a defined court-first schedule for the gateway, and stated that gateway and responsive motion practice could proceed concurrently. DKTS. 10, 14-1. As of filing, Defendants' position on the precise relief requested in these objections is unknown.

/s/ Joshua David Sappi Biering
**Joshua David Sappi Biering**
Plaintiff, *Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2026, a true and correct copy of the foregoing was served upon all counsel of record through the Court's CM/ECF system.

/s/ Joshua David Sappi Biering
**Joshua David Sappi Biering**
Plaintiff, *Pro Se*