**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING,**<br><br>Plaintiff, *Pro Se*,<br>v.<br><br>**JPMORGAN CHASE BANK, N.A., JPMORGAN CHASE & CO., and J.P. MORGAN SECURITIES LLC,**<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No.** 4:26-cv-00950-P<br><br>Related Case No. 4:26-cv-00381-O<br>FINRA Case No. 24-01208<br>EEOC Charge No. 450-2024-04743<br>AAA Case No. 01-26-0000-7215 |

**PLAINTIFF'S BRIEF SUPPORTING RULE 72(a) OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDERS AT DKTS. 12 AND 16**

## I. INTRODUCTION

Plaintiff objects to DKT. 16's denial of DKT. 15 as premature and, more narrowly, to DKT. 12's extension of Defendants' response deadline. DKT. 16 terminated a motion Rule 56(b) permitted before any Defendant responded, sought Rule 56(d) relief, or identified discovery needed to oppose it. It also failed to state that the denial was without prejudice, preserve the arguments, or establish a procedure for later consideration. DKT. 12 separately extended the response deadline before Plaintiff's opposition and prejudice record were before the Court. The requested relief preserves DKT. 15, resolves the antecedent arbitrability issue in DKT. 9 first, and establishes a defined sequence without requiring an immediate merits response.

Rule 56(b) authorized DKT. 15. A party may move for summary judgment "at any time, even as early as the commencement of the action." FED. R. CIV. P. 56 advisory committee's note to 2009 amendment. If an early motion requires adjustment, the Rules permit an extension, Rule 56(d) relief, or a tailored schedule. FED. R. CIV. P. 6(b), 56(d). DKT. 16 instead terminated the Motion before any Defendant opposed it or made the showing Rule 56(d) requires.

Plaintiff requests reinstatement of DKT. 15 and abeyance pending resolution of DKT. 9, with no merits response due during the abeyance. Alternatively, Plaintiff requests an express without-prejudice denial identifying when DKT. 15 may be renewed.

## II. RELEVANT RECORD

The relevant record presents three distinct procedural questions. DKT. 9 concerns the antecedent EFAA/arbitrability gateway; DKT. 15 seeks summary judgment on specified claims and claim parts while excluding Count I; and DKT. 12 extends only Defendants' deadline to answer or otherwise respond to the Complaint. Keeping those matters distinct is necessary to determine the proper sequence and the limited relief requested.

DKT. 15 excludes Count I and seeks relief under Rules 56(a) and 56(g) on specified claims and claim parts. DKT. 15 at 1–2, PageID 163–64. Its 992-page appendix consists principally of JPMorgan records, sworn FINRA testimony, agency materials, party submissions, and the FINRA Award. Biering Decl. ¶¶ 6–7. The underlying FINRA discovery lasted 351 days and included nine production rounds and three compel cycles concerning JPMorgan's investigation, the U5 basis, employment and performance materials, privilege redactions, and affiliate-held records. *Id.* ¶¶ 7–10; Related Case DKT. 21-1 at 1–172, PageID 708–879.

The parties, events, agreements, claims, and forum dispute predate this action. App. 0415–0516; DKT. 14 at 3–4, PageID 156–57; DKT. 10 at 2, PageID 120. The existing record does not foreclose Rule 56(d) relief upon a proper showing. Before DKT. 16 entered, however, no Defendant identified a needed fact, its source, how it could be obtained, or how it would affect DKT. 15. FED. R. CIV. P. 56(d); *MDK Sociedad de Responsabilidad Limitada v. Proplant Inc.*, 25 F.4th 360, 366–67 (5th Cir. 2022).

DKT. 16 entered before any Defendant responded to DKT. 15. It relied on the absence of a scheduling order, the parties' entitlement to discovery, and the pending arbitrability issue. It did

not state that the denial was without prejudice, preserve Plaintiff's arguments, establish future Rule 56 briefing, or identify a renewal trigger.

## III. STANDARD OF REVIEW

Rule 72(a), 28 U.S.C. § 636(b)(1)(A), and Local Civil Rule 72.1 govern objections to a magistrate judge's nondispositive pretrial order. The District Judge must modify or set aside any portion that is clearly erroneous or contrary to law. FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

DKT. 16 characterizes its ruling as timing-based rather than merits-based, so Plaintiff proceeds under Rule 72(a). If the Order is construed to extinguish DKT. 15 or Plaintiff's Rule 56 opportunity, Plaintiff alternatively requests *de novo* determination under § 636(b)(1)(B)–(C) and Rule 72(b)(3).

## IV. RULE 56 PERMITTED DKT. 15 BEFORE AN ANSWER OR COMPLETED DISCOVERY

No scheduling order was required. Local Civil Rule 16.1(f) exempts cases filed by *pro se* plaintiffs from Rule 16(b)'s scheduling and planning requirements. N.D. TEX. L. CIV. R. 16.1(f). No local rule or court order established a later opening date for summary-judgment motions.

Rule 56(b) therefore controlled and permitted DKT. 15 "at any time." The 2009 Advisory Committee expressly eliminated the former timing restrictions and confirmed that a party may move for summary judgment "at any time, even as early as the commencement of the action." FED. R. CIV. P. 56 advisory committee's note to 2009 amendment. The Committee identified extension of the response deadline—not termination of the motion—as the means to address perceived prematurity. *Id.*; FED. R. CIV. P. 6(b). The 2010 amendment carried the timing provision forward. FED. R. CIV. P. 56 advisory committee's note to 2010 amendment. Completed discovery was not a prerequisite. *MDK*, 25 F.4th at 366 (quoting *Mendez v. Poitevent*, 823 F.3d 326, 336 (5th Cir. 2016)).

DKT. 15 also did not replace, shorten, or eliminate Defendants' obligation to answer or otherwise respond to the Complaint. FED. R. CIV. P. 7(a), 12(a), 56. Reinstatement and abeyance therefore would neither require an immediate merits response nor impair Defendants' Rule 12 rights. If Defendants could not present facts essential to oppose DKT. 15, Rule 56(d) required them to identify those facts, explain how they could be obtained within a reasonable time, and show how they would affect the Motion. FED. R. CIV. P. 56(d); *MDK*, 25 F.4th at 366–67; *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013). No Defendant made that showing before DKT. 16 entered. The Order instead presumed that unspecified discovery might be needed. Rule 56(d) addresses an identified need; it does not impose a categorical discovery-first prerequisite.

## V. BARNETT DOES NOT SUPPORT DKT. 16 ON THIS RECORD

Because Rule 56 permitted DKT. 15 and no Defendant made the showing required for discovery-based deferral, DKT. 16 cannot be sustained merely by labeling the Motion premature. The authority on which DKT. 16 relied does not support that result on this record.

Here, there was no agreed schedule, future motion date, Rule 56(d) declaration, or identified discovery need. Barnett therefore supports only deferral tied to a specific need and defined schedule; it does not support terminating DKT. 15 based solely on the absence of a scheduling order. The appropriate course is to preserve the Motion and define its sequence in relation to DKT. 9.

## VI. DKT. 9 SUPPORTS ABEYANCE; DKT. 16 SETS NO COURSE FORWARD

DKT. 9 and DKT. 15 address different questions: the § 402(b) arbitrability gateway and specified merits issues. The Court can control their sequence by reinstating DKT. 15, holding it in abeyance, deciding DKT. 9 first, and setting merits briefing only if the action remains here. Any Defendant seeking discovery-based deferral may then proceed under Rule 56(d).

DKTS. 10–11 already identify Defendants' anticipated motion-to-compel position, asserted agreement, and Form U4. The Court may resolve DKT. 9 on the papers, on a condensed response, under submission, or through an expedited Rule 16(a) conference limited to the gateway.

*Coinbase, Inc. v. Bielski* does not require a stay because no arbitrability appeal is pending, but its sequencing rationale supports deciding DKT. 9 before activating merits briefing on DKT. 15. 599 U.S. 736, 741–44 (2023).

DKT. 16 provides no course forward. The order upheld in *Hagar* terminated an early summary-judgment motion without prejudice, left the arguments unresolved and available for later presentation, established disclosures and future briefing, and "set a course of action." *Hagar v. FBI*, No. 25-40188, slip op. at 5–6 (5th Cir. Mar. 26, 2026). DKT. 16 contains none of those protections.

That omission matters because Local Civil Rule 56.2(b) ordinarily permits one summary-judgment motion absent direction from the presiding judge or permission by law. DKT. 16 does not state whether DKT. 15 consumed that opportunity, whether renewal requires leave, or whether the four-volume appendix must be refiled. Reinstatement resolves those issues without reaching the merits. Alternatively, the Court should state that the denial is without prejudice and identify the renewal event.

## VII. LIMITED OBJECTION TO DKT. 12

The same need for a defined sequence informs Plaintiff's limited objection to DKT. 12. Although DKT. 12 concerns Defendants' deadline to answer or otherwise respond to the Complaint, it should not be read to stay DKT. 9, determine DKT. 15's status, or postpone separately ordered threshold briefing. The objection is therefore limited to the extension's timing and scope.

Defendants had notice of the statutory employment dispute by February 2024, the three-entity claim set by August 2024, and the protective AAA claim by February 2026. Present counsel

appeared for all three entities in AAA in April 2026. DKT. 14 at 3–4, PageID 156–57. DKTS. 10–11 also identified the agreement, Form U4, and anticipated motion-to-compel position. DKT. 10 at 2–5, PageID 120–23. That record contradicts the premise that enlargement through September 18 would cause no prejudice. FED. R. CIV. P. 6(b)(1)(A), 72(a).

Plaintiff requests restoration of the original deadline or the earliest practicable shortened date consistent with resolution of DKT. 9. Alternatively, September 18 should remain a firm outside deadline absent new and particularized good cause. DKT. 12 should also be confined to its text: it extends only the deadline to answer or otherwise respond to the Complaint and does not stay or extend DKT. 9, determine DKT. 15's status or postpone separately ordered threshold briefing.

## VIII. CONCRETE PREJUDICE AND JUDICIAL ECONOMY SUPPORT THE REQUESTED RELIEF

The absence of a defined sequence is not merely procedural. Before DKT. 12, Plaintiff had incurred $864,407.26 in legal fees and costs. He now litigates without counsel or staff and has a service-connected anxiety-related disability involving recurrent panic attacks, chronic sleep impairment, and impairment during significant stress. DKT. 14 at 2, PageID 155; DKT. 15-1 at 9, PageID 174; Biering Decl. ¶¶ 2–5; App. 0143–0280, 0664–0714.

That disability is part of the underlying claims, including Plaintiff's September–October 2023 FMLA and leave requests, EAP contacts, and related health disclosures. Continued forum uncertainty, duplicated filings, simultaneous record-management obligations, and repeated briefing cycles aggravate it. These facts do not alter Rule 56's merits standard. They support preserving DKT. 15, modifying DKT. 12, and establishing a defined sequence while preserving Defendants' full opportunity to respond and seek Rule 56(d) relief. FED. R. CIV. P. 1; Biering Decl. ¶¶ 4–6, 11–12.

## IX. REQUESTED RELIEF

Plaintiff respectfully requests that the District Judge:

(i) **SUSTAIN IN PART** the objection to DKT. 16, **VACATE** that order, and **REINSTATE DKT. 15** as a pending motion;

(ii) **HOLD DKT. 15 IN ABEYANCE** pending resolution of DKT. 9 and, if necessary, establish an expedited schedule limited to any unresolved § 402(b) issue;

(iii) **AFTER RESOLUTION OF DKT. 9**, set expedited briefing on DKT. 15, with any request for discovery-based deferral governed by Rule 56(d);

(iv) **ALTERNATIVELY**, if DKT. 15 is not reinstated, clarify that DKT. 16 is without prejudice, decides no Rule 56 issue, does not consume Plaintiff's opportunity under Local Rule 56.2(b), and permits renewal of the same motion and appendix without further leave following resolution of DKT. 9;

(v) **MODIFY DKT. 12** by restoring the original response deadline or setting the earliest practicable date, and clarify that DKT. 12 affects only Defendants' deadline to respond to the Complaint and does not alter the status of DKTS. 9 or 15; and

(vi) **GRANT SUCH OTHER RELIEF** as the Court deems just and proper.

Respectfully submitted,

Joshua David Sappi Biering

**JOSHUA DAVID SAPPI BIERING**
Plaintiff, *Pro Se*

### CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2026, a true and correct copy of the foregoing was served upon all counsel of record through the Court's CM/ECF system.

Joshua David Sappi Biering

**JOSHUA DAVID SAPPI BIERING**
Plaintiff, *Pro Se*