**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING,** | § | |
| | § | |
| Plaintiff, *Pro Se*, | § | **Case No.** 4:26-cv-00950-P |
| v. | § | |
| | § | Related Case No. 4:26-cv-00381-O |
| **JPMORGAN CHASE BANK, N.A.,** | § | FINRA Case No. 24-01208 |
| **JPMORGAN CHASE & CO., and** | § | EEOC Charge No. 450-2024-04743 |
| **J.P. MORGAN SECURITIES LLC,** | § | AAA Case No. 01-26-0000-7215 |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF DKT. 9**

Plaintiff Joshua David Sappi Biering, *pro se*, replies under N.D. TEX. LOC. CIV. R. 7.1(f) to Defendants' Response in Opposition, Dkt. 20. Dkt. 20 misses the mark.

Dkt. 9 seeks one threshold ruling: whether the EFAA applies and whether the predispute arbitration agreements Defendants invoke remain valid and enforceable. Congress assigned that gateway question to this Court. 9 U.S.C. § 402(b). Count I pleads it. Dkt. 1 ¶¶ 99–110.

The decisionmaker is not in dispute. Defendants already told this Court that whether the EFAA applies, and whether the arbitration agreement is valid and enforceable, "are threshold questions that the EFAA assigns to this Court to decide before any merits litigation proceeds." Dkt. 10 n.5. Plaintiff agrees. FED. R. CIV. P. 57 supplies the vehicle; the Declaratory Judgment Act supplies the remedy; and this Court controls the sequence of its own docket. 28 U.S.C. § 2201.

Dkt. 20 answers a request Plaintiff never made. Dkt. 9 does not seek full merits briefing and does not require a motion-to-compel cycle. It seeks a decision on one dispositive question. This is about efficiency, not process for its own sake.

The question is simple: **Does the EFAA apply to this case?**

**If no,** the September 18 deadline and the ordinary response posture Defendants obtained

remain intact. Nothing about Dkt. 9 collapses their extension or invents a new merits track.

**If yes,** the Court will have resolved the statutory question governing the validity and enforceability of the predispute arbitration agreements. *See* 9 U.S.C. § 402(a). An EFAA determination that the Act applies resolves enforceability, so any later motion to compel would proceed in the shadow of that ruling.

That functional denial opens the 9 U.S.C. § 16(a) appellate door and triggers the automatic stay recognized in *Coinbase*. The endpoint is the same. A motion-to-compel cycle reaches that posture after more briefing, more delay, and no change in outcome.

Since Plaintiff first submitted the covered statutory claims against the covered parties in FINRA on ***June 3, 2024***, the dispute has moved through FINRA, AAA, and related federal proceedings without a judicial determination of the EFAA gateway. *See* Dkt. 1 ¶ 86. As Justice Gorsuch observed, parties can endure "multi-year odysseys through the entire federal judicial system" while "no judge yet has breathed a word about the merits of their claims." *Axon Enter., Inc. v. FTC*, 598 U.S. 175, 215 (2023) (Gorsuch, J., concurring in the judgment). Dkt. 9 seeks only the threshold determination Congress assigned to this Court—before another round of threshold litigation postpones claims first submitted more than two years ago.

Respectfully submitted,

Joshua David Sappi Biering

**Joshua David Sappi Biering**
Plaintiff, *Pro Se*
4635 Washburn Avenue
Fort Worth, Texas 76107
(682) 218-6738
jdsb@bierfam.com

## CERTIFICATE OF CONFERENCE

Plaintiff has conferred with Defendants' counsel regarding the gateway and scheduling issues addressed in Dkt. 9 on multiple occasions: by email on August 7, 2026; by email and telephone on August 11, 2026; and by further written correspondence on August 18 and August 21, 2026. In her August 11, 2026 email addressing the motion filed August 9, 2026, Defendants' counsel wrote that "it appears the parties may want the same thing: that the Court determine whether [Plaintiff's] claims are subject to arbitration first and before proceeding to the merits of [the] case," and asked Plaintiff to agree either to a stay pending that determination or to an extension of Defendants' deadline to respond to the Complaint. Plaintiff opposed a stay of the Court's threshold determination and confirmed his position in writing following the parties' telephone conference. Although Defendants filed Dkt. 20 in opposition, they did not seek an extension of the N.D. TEX. LOC. CIV. R. 7.1(e) response deadline for Dkt. 9 and have not otherwise stated a position on the specific relief Dkt. 9 requests.

Joshua David Sappi Biering

**Joshua David Sappi Biering**
Plaintiff, *Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2026, a true and correct copy of the foregoing was served upon all counsel of record through the Court's CM/ECF system.

Joshua David Sappi Biering

**Joshua David Sappi Biering**
Plaintiff, *Pro Se*