# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING,** | § | |
| | § | |
| Plaintiff, *Pro Se*, | § | **Case No.** 4:26-cv-00950-P-BJ |
| v. | § | |
| | § | Related Case No. 4:26-cv-00381-O |
| **JPMORGAN CHASE BANK, N.A., JPMORGAN CHASE & CO., and J.P. MORGAN SECURITIES LLC,** | § | FINRA Case No. 24-01208<br>EEOC Charge No. 450-2024-04743<br>AAA Case No. 01-26-0000-7215 |
| | § | |
| | § | |
| Defendants. | § | |

## PLAINTIF'S EMERGENCY MOTION TO STAY DKT. 23 PENDING § 402(b) DETERMINATION AND REQUEST FOR IN-PERSON CONFERENCE

Plaintiff cross-moves to stay all further proceedings on Defendants' motion at Dkt. 23, including the expedited response and reply deadlines in Dkt. 25, pending this Court's determination of the statutory gateway submitted at Dkt. 9. Plaintiff further requests an expedited case-management conference to sequence: (1) the antecedent statutory determination under 9 U.S.C. § 402(b); (2) the treatment of Dkts. 15-3 through 15-6 under the governing Agreement and Fifth Circuit law; and (3) what, if anything, remains under Dkt. 19 before a Rule 56 refile.

## I. THE EFAA GATEWAY PRECEDES COLLATERAL SECRECY PRACTICE

Congress enacted the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021 (EFAA) to ***end the systemic practice of burying sexual harassment disputes and retaliatory misconduct behind private arbitration and forced nondisclosure agreements.*** As Congress recognized, pairing mandatory arbitration with confidentiality creates an unaccountable shield that ensures "minimal scrutiny of corporate misconduct." H.R. Rep. No. 117-234, at 10 (2022).

To dismantle that shield, Congress established an unqualified right: ***at the election of the person alleging a sexual harassment dispute, no predispute arbitration agreement is valid or enforceable. 9 U.S.C. § 402(a).*** To ensure that employers cannot ***evade public judicial scrutiny through procedural delays or private delegation clauses***, Congress mandated that the applicability of the Act, and the validity and enforceability of any covered agreement, "shall be determined by a court, rather than an arbitrator." *Id.* § 402(b).

Plaintiff made that statutory election and presented it in Dkt. 9 on August 9, 2026. On August 11, 2026, Plaintiff proactively offered a structured concurrent schedule to resolve the § 402(b) gateway without delaying proceedings. Dkt. 14-1 at 1, PageID 160. Defendants rejected concurrent scheduling. In their August 31 response, Defendants conceded that arbitrability must be resolved "at the outset of the case" and that "this threshold issue is for the Court to decide." Dkt. 20 at 4, 7, PageID 1245, 1248. Yet Defendants postponed their substantive EFAA defense to an unfiled motion to compel promised by September 18 (*id.* at 2 n.1, 4) and instead filed Dkt. 23 on September 2 to demand immediate, categorical removal of nearly 1,000 pages of record evidence.

Dkt. 9 is fully briefed and submitted. ***Entertaining a collateral motion to strip the judicial record before deciding whether this action belongs in federal court inverts the exact statutory framework Congress established.***

## II. DEFENDANTS' MOTION IMPOSES ASYMMETRIC PREJUDICE AND INVERTS THE BURDEN OF PROOF

Under *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936), the Court exercises inherent docket authority to prevent hardship and inequity. ***The current posture creates severe, one-sided prejudice:***

***The Procedural Inversion:*** Plaintiff's summary-judgment motion (Dkt. 15) was denied

without prejudice as "premature" pending "adequate discovery" (Dkt. 16; Dkt. 19 at 2, PageID 1241). Yet Defendants obtained an expedited order (Dkt. 25) forcing Plaintiff to defend 992 pages of evidence within seven days—while Dkt. 9 sits undecided.

***Attempting to Conceal the Substantive Record:*** Defendants seek wholesale removal of the very evidence that substantiates the underlying sexual harassment, retaliatory termination, and damages record (Dkts. 15-3–15-6). Defendants claim that page-by-page review is “unduly burdensome for Defendants to undertake” (Dkt. 23 at 1, PageID 1255) and ask this Court to unfile the record or force Plaintiff to perform Defendants' sealing analysis (*id.* at 1, 4, 6).

***Defendants Refused Specific Conferral:*** On August 28, 2026, Plaintiff explicitly asked Defendants to identify, for each disputed item: (i) the specific Dkt. 15 page and Bates number; (ii) the corresponding prior filing; (iii) the specific text claimed protected; (iv) the asserting Defendant; (v) the contractual basis; and (vi) the relief sought, stating: “I will confer on specifically identified material.” Dkt. 24, Ex. B, App. 12–13, PageID 1275–78. Defendants refused to identify a single document and filed Dkt. 23 instead.

***The Contract and Fifth Circuit Allocate the Burden Exclusively to Defendants:*** The March 10, 2025 Agreement expressly commands: “It shall remain the burden of the proponent of the ‘confidential’ designation to establish that the document should remain confidential at all times,” and mandates that publicly available documents “shall not be deemed ‘confidential’ under any circumstances.” Dkt. 24, Ex. A, App. 2. The Fifth Circuit strictly forbids blanket appendix strikes, requiring the moving party to sustain a document-by-document, line-by-line justification against the public right of access. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419–21 (5th Cir. 2021); *June Med. Servs., L.L.C. v. Phillips,* 22 F.4th 512, 519–22 (5th Cir. 2022).

***Zero Prejudice from a Stay:*** Staying Dkt. 23 imposes no cognizable harm on Defendants.

If the Court determines under § 402(b) that the dispute proceeds in federal court, the statutory presumption of open judicial records controls. If arbitration were ordered, the arbitral forum would govern its own record.

## III. DKT. 23 CONFIRMS THE RULE 56 RECORD IS RIPE

The Magistrate Judge previously noted that Plaintiff possesses "a large number of documents that are allegedly related to this case." Dkt. 16. This Court denied Dkt. 15 "WITHOUT PREJUDICE with leave to refile once adequate discovery has been completed." Dkt. 19 at 2, PageID 1241.

Defendants' extensive cross-docket "forensic" comparison in Dkt. 23 demonstrates that the evidentiary record is already mature. ***Defendants identify no missing facts, no unavailable witnesses, and no discovery under Fed. R. Civ. P. 56(d) required to oppose summary judgment.***

Under Federal Rule of Civil Procedure 56(d), a party resisting summary judgment on discovery grounds must affirmatively "show[] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Defendants cannot use an emergency collateral motion to suppress the record while evading their Rule 56(d) burden. A case-management conference can define what, if anything, remains under Dkt. 19 and sequence a renewed Rule 56 filing.

## IV. STAY AND CASE-MANAGEMENT CONFERENCE

The Court has inherent authority to control its docket and stay collateral proceedings. *Landis*, 299 U.S. at 254; *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016); Fed. R. Civ. P. 16(a), 16(c)(2)(A), (L).

As such, Plaintiff requests a case-management conference, and is available to appear at the Court's earliest convenience, to resolve in one proceeding: (i) submitted 402(b) statutory gateway

(Dkts. 9, 20, 21); (ii) the schedule for Defendants' announced motion to compel (promised by September 18); (iii) what discrete discovery, if any, genuinely remains under Dkt. 19 before Plaintiff refiles under Rule 56; and (iv) an itemized, document-specific procedure under *Le v. Exeter Finance* for any confidentiality claims under Dkt. 23.

## V. CONCLUSION AND PRAYER

(i) **STAY** all proceedings on Dkt. 23, including the response and reply deadlines in Dkt. 25, pending determination of Dkt. 9;

(ii) **SET** an expedited case-management conference; and

(iii) **GRANT** such other relief as the Court deems just.

Respectfully submitted,

Joshua David Sappi Biering

**Joshua David Sappi Biering**
Plaintiff, *Pro Se*

**CERTIFICATE OF CONFERENCE**

Plaintiff conferred with Defendants' counsel on August 7 and August 11, 2026 concerning the EFAA/arbitrability gateway, the requested extension, and responsive motion practice. Plaintiff opposed the extension and stay, requested a defined court-first schedule for the gateway, and stated that gateway and responsive motion practice could proceed concurrently. DKTS. 10, 14-1. As of filing, Defendants' position on the precise relief requested in these objections is unknown.

**Joshua David Sappi Biering**
Plaintiff, *Pro Se*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2026, a true and correct copy of the foregoing was served upon all counsel of record through the Court's CM/ECF system.

**Joshua David Sappi Biering**
Plaintiff, *Pro Se*