# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING,** | § | |
| | § | |
| Plaintiff, *Pro Se*, | § | **Case No.** 4:26-cv-00950-P |
| v. | § | |
| | § | Related Case No. 4:26-cv-00381-O |
| **JPMORGAN CHASE BANK, N.A., JPMORGAN CHASE & CO., and J.P. MORGAN SECURITIES LLC,** | § | FINRA Case No. 24-01208 |
| | § | EEOC Charge No. 450-2024-04743 |
| | § | AAA Case No. 01-26-0000-7215 |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO STRIKE AND REMOVE CONFIDENTIAL DOCUMENTS (DKT. 23) AND SUPPORTING APPENDIX (DKT. 24), PURSUANT TO THE COURT'S SEPTEMBER 2, 2026 ORDER (DKT. 25)

Plaintiff Joshua David Sappi Biering, proceeding *pro se*, submits this response pursuant to the Court's September 2, 2026 Order. Dkt. 25. This response neither withdraws nor narrows Plaintiff's Emergency Motion to Stay Further Proceedings on Defendants' Motion, Dkt. 26, or Plaintiff's pending request for a threshold determination under 9 U.S.C. § 402(b). Dkt. 9.

### I. DEFENDANTS DO NOT PROVIDE A PARTICULARIZED BASIS FOR WHOLESALE RESTRICTION

Defendants seek to remove from the public record, or restrict access to, ECF Nos. 15-3 through 15-6 in their entirety. Those four appendices total 996 pages. Defendants identify four discrete items but do not identify the remaining pages by ECF page, appendix page, Bates number, or passage; do not identify a specific asserted confidentiality interest for each remaining item; and do not explain why targeted redaction would not protect any legitimate interest. Dkt. 23 at 1, 3, 6, PageID 1255, 1257, 1260.

The motion does not establish a basis to remove or restrict the Appendices as a whole. It

does establish one procedural point: the record supporting Plaintiff's summary-judgment filing, Dkt. 15, is sufficiently developed for Defendants to identify, isolate, and seek relief regarding specific materials. The Court may therefore adjudicate Dkt. 15 on the record presented rather than treating the supporting Appendices as categorically premature or without purpose.

## II. DKT. 23 FAILS THE BINH HOA LE STANDARD ON ITS FACE

To the extent the materials are judicial records, the Court must independently weigh the public's right of access against the interests favoring nondisclosure. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418–21 (5th Cir. 2021). That analysis is document-specific and must be stated with sufficient detail to permit review. *Id.* at 419–20. Wholesale or perpetual sealing is disfavored. *Id.* at 420; *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519–22 (5th Cir. 2022).

Defendants' motion does not supply that record. It identifies four items among 996 pages, but it does not identify the specific text, page, Bates range, designating party, asserted harm, or proposed redaction for the remaining material. Nor does it explain why removal of all four appendices, rather than targeted redaction of any properly protected passage, is necessary.

The appropriate result is denial of the request for wholesale removal or restriction, without prejudice to a properly supported, narrowly tailored request directed to identified passages.

## III. THE CONFIDENTIALITY AGREEMENT PLACES THE CONTINUING BURDEN ON THE DESIGNATING PARTY

The March 10, 2025 Confidentiality Agreement permits a party to designate material it reasonably believes to be confidential and directs the producing party to identify the designation. Dkt. 24, Ex. A ¶¶ 1–2, App. 2. Paragraph 3 further provides that the proponent of a confidentiality designation bears the burden to establish continued confidentiality and that publicly available documents and information are not confidential "under any circumstances." *Id.* ¶ 3.

Defendants' current request does not satisfy that burden for the Appendices as a whole. For

the material beyond the four identified items, Defendants do not identify:

(i) the ECF, appendix, and Bates page at issue;

(ii) the precise passage for which protection is sought;

(iii) the party that made the designation;

(iv) the party that produced the material;

(v) the factual basis supporting a good-faith confidentiality designation;

(vi) the concrete injury asserted from public disclosure;

(vii) whether the same material is already publicly available; or

(viii) why targeted redaction would not adequately protect the claimed interest.

The Agreement does not convert a unilateral designation into an entitlement to wholesale removal of judicial filings. It instead preserves the designating party's continuing burden to establish confidentiality.

## IV. PUBLICLY FILED MATERIAL CANNOT BE TREATED AS CONFIDENTIAL UNDER PARAGRAPH 3

Portions of the Appendices are already part of the public federal record through filings in the Related Case, including Related Case Dkts. 20-7, 21-1, 21-2, and 43. Dkt. 24, Ex. B, App. 7, PageID 1272. Paragraph 3 of the Agreement excludes publicly available information from confidential treatment "under any circumstances." Dkt. 24, Ex. A ¶ 3, App. 2.

## V. DEFENDANTS' OWN EXHIBIT REFUTES THEIR CERTIFICATE OF CONFERENCE

Plaintiff's August 28, 2026 letter, now filed as Defendants' own exhibit, states: "I will confer on specifically identified material." Dkt. 24, Ex. B, App. 13, PageID 1278. The letter asked Defendants to identify, for each disputed item: the Dkt. 15 page and Bates number; the corresponding Related Case filing; the specific text claimed protected; the asserting Defendant;

whether the material originated with JPMS, JPMorgan Chase Bank, N.A., or JPMorgan Chase & Co.; the Paragraph 2 basis for designation; the Paragraph 3 basis for continued confidentiality; and the specific relief requested. *Id.*, App. 12–13, PageID 1277–78. Those are precisely the item-level elements *Binh Hoa Le* requires. Defendants did not respond before filing Dkt. 23 on September 2, 2026. Defendants therefore filed Dkt. 23 without doing the item-level work Plaintiff invited and *Binh Hoa Le* requires.

## VI. IDENTIFIED MATERIAL INCLUDES TEXT ORIGINATING WITH PLAINTIFF

At least one of the four items Defendants do identify consists of communications originating with Plaintiff, not documents produced by JPMS. Paragraph 3 does not extend to Plaintiff-originated text. ***The Agreement's designation mechanism covers documents produced or disclosed by JPMS in connection with the arbitration***. Dkt. 24, Ex. A ¶¶ 2–3, App. 2. Text that originated with Plaintiff is not subject to JPMS's designation authority and cannot be sealed on JPMS's motion under Paragraph 3.

## VII. THE RECORD BEARING ON THE "UNDULY BURDENSOME" REPRESENTATION

JPMorgan Chase & Co. reported 318,512 employees and approximately $4.425 trillion in total assets at year-end 2025. Dkt. 14 at 5, PageID 158. JPMorgan Chase & Co.'s fiscal year 2025 firmwide technology expense was approximately $18 billion. Related Case Dkt. 18 at 2–3, PageID 253–54. Counsel of record reported more than 3,100 attorneys across 51 offices. *Id.* Plaintiff has incurred $864,407.26 in documented "but-for costs" and now must litigate without counsel or staff. Dkt. 14 at 2, PageID 155; *see also Axon Enter., Inc. v. FTC*, 598 U.S. 175, 217 (2023) (Gorsuch, J., concurring in the judgment) (emphasis added) (***"When you replace clear jurisdictional rules with a jumble of factors, the room for disagreement grows. The incentive to litigate increases. Years and fortunes are lost just figuring out where a case belongs."***). Defendants performed

page-level identification for four items. Dkt. 23 at 3, PageID 1257. The motion identifies no technical, personnel, or cost obstacle to performing the same exercise for the remaining pages.

## VIII. THE APPENDICES REMAIN MATERIAL, AND DKT. 23 CONFIRMS DKT. 15 IS RIPE

Defendants argue that the Appendices "serve no valid purpose" because Rule 56 relief was denied without prejudice as premature. Dkt. 23 at 1, PageID 1255; Dkt. 19. But Rule 56(e) requires identification and a fair opportunity to address asserted record defects; it does not support wholesale removal of the record. Dkt. 23 proves the opposite of what Defendants suggest: they reviewed the Dkt. 15 record, identified discrete materials, and sought targeted relief. That confirms Dkt. 15 is ripe and ready for focused adjudication, and that the premature-disposition rationale should be revisited rather than used to remove the supporting Appendices. The materials also remain relevant to the pending § 402(b) determination because Defendants agree the threshold arbitrability issue is for the Court to decide. Dkt. 20 at 4, 7, PageID 1245, 1248; 9 U.S.C. § 402(b).

### A. REQUESTED RELIEF

**Plaintiff respectfully requests that the Court:**

(i) **GRANT** the stay requested in Dkt. 26 and defer further proceedings on Dkt. 23 until Dkt. 9 is decided;

(ii) **DENY** wholesale removal or restriction of ECF Nos. 15-3 through 15-6, including Defendants' alternative request to restrict public access to those Appendices as a whole;

(iii) **REQUIRE PARTICULARIZED IDENTIFICATION** through a document-by-document, line-by-line procedure consistent with *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419–21 (5th Cir. 2021), and Paragraph 3 of the March 10, 2025 Agreement, with the designating party identifying, for each page for which restriction is sought: the Dkt. 15 page and Bates number; the corresponding Related Case filing, if any; the specific text at issue; the Defendant asserting the right; whether the

material originated with or was produced by JPMS; the Paragraph 2 basis for designation; and the Paragraph 3 basis for continued confidentiality;

(iv) **EXCLUDE** from any such process (a) text originating with Plaintiff and (b) material already part of the public federal record within the meaning of Paragraph 3; and

(v) **GRANT** such other relief as is just.

Respectfully submitted,

Joshua David Sappi Biering

**Joshua David Sappi Biering**
4635 Washburn Avenue
Fort Worth, Texas 76107
(682) 218-6738
jdsb@bierfam.com
Plaintiff, *Pro Se*

## CERTIFICATE OF CONFERENCE

On August 28, 2026, Plaintiff emailed Defendants' counsel a written conference request identifying the confidential-documents dispute and asking Defendants to identify, for each disputed item, the basis for the designation, the originating party, the specific text, and the specific relief sought. Plaintiff followed up on August 30, 2026, and again on September 1, 2026. Defendants did not substantively respond before filing Dkt. 23 on September 2, 2026. The correspondence is reflected at Dkt. 24, Ex. B, App. 6–13, PageID 1271–78.

Joshua David Sappi Biering
Joshua David Sappi Biering
Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2026, a true and correct copy of the foregoing document was served upon counsel of record via the Court's ECF/CM system in accordance with the Federal Rules of Civil Procedure.

Joshua David Sappi Biering
Joshua David Sappi Biering
Plaintiff, Pro Se