# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **JOSHUA DAVID SAPPI BIERING**,<br><br>Plaintiff, *Pro Se,*<br>v.<br><br>**JPMORGAN CHASE BANK, N.A., JPMORGAN CHASE & CO., AND J.P. MORGAN SECURITIES LLC,**<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Case No.** 4:26-cv-00950-P-BJ<br><br>Fifth Circuit Case No. 26-10823<br>Related Case No. 4:26-cv-00381-O<br>FINRA Case No. 24-01208<br>EEOC Charge No. 450-2024-04743<br>AAA Case No. 01-26-0000-7215 |

## PLAINTIFF'S SECOND EMERGENCY MOTION FOR A DATE-CERTAIN RULING ON DKT. 9 AND TO ESTABLISH THE ORDER OF DECISION

Plaintiff moves for an order by September 17, 2026, deciding DKT. 9 first, or establishing that DKT. 9 will be decided before DKT. 23, any arbitration-compulsion order, any stay, any gateway referral, or any proceeding whose necessity depends on the gateway. This is Plaintiff's second emergency request on sequence; DKT. 26 was the first.

DKT. 9 asks for a court-first arbitration-gateway determination. It was filed August 9 and fully briefed August 31. DKTS. 9, 20, 21. Rule 57 permits advancement and a "speedy hearing" of a declaratory-judgment action. FED. R. CIV. P. 57. On August 19, the Magistrate Judge recognized that Plaintiff "has already filed a motion to expedite a ruling on whether Plaintiff's claims are subject to an arbitration clause." DKT. 16. DKT. 9 remains pending.

Plaintiff submitted statutory claims against Defendants at FINRA on June 3, 2024. DKT. 9 at 3, PageID 62; DKT. 21 at 2, PageID 1251. The gateway dispute has since generated proceedings before FINRA, AAA, two district courts, and the Fifth Circuit. These facts bear on delay. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–56 (1936) (delay may not be immoderate or oppressive); *Axon Enter., Inc. v. FTC*, 598 U.S. 175, 216 (2023) (Gorsuch, J., concurring in the judgment) (unclear

forum rules impose "real costs" and impair Rule 1's promise of a just, speedy, and inexpensive determination).

Arbitration procedure can control litigation. *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740–43 (2023) (§ 16(a) arbitrability appeal stays district-court proceedings); *id.* at 759 (Jackson, J., dissenting) (arbitration appeals allow defendants to "press pause" on a case). This motion asks whether Defendants may secure the practical sequence of arbitration procedure before the Court decides the gateway or orders that sequence.

Sequencing authority belongs to the ***Court***. *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (***courts*** manage cases for orderly and expeditious disposition); *Landis*, 299 U.S. at 254–55 (***court*** controls its docket and must maintain an even balance); *Morgan v. Sundance, Inc.*, 596 U.S. 411, 418 (2022) (***courts*** may not create arbitration-specific procedural rules). Defendants' filings do not dictate the order of decision. The Court's authority is the Court's. It is not Defendants'.

## I. DEFENDANTS HAVE ESTABLISHED SEQUENCE BY FILING, NOT BY ORDER

Defendants contend there is "no imminent deadline, evidentiary concern, or other circumstance requiring a departure from ordinary practice." DKT. 20 at 3, PageID 1244. Since DKT. 9 was filed, the Court has accelerated Defendants' requests while DKT. 9 remains pending.

In the Related Case, Defendants sought an emergency twenty-two-day extension, called it "Defendants' first request," and stated it "will not prejudice any party." Related Case DKT. 17 at 1, 3, PageID 246, 248. The request was granted. Related Case DKT. 28. Defendants later called it "a courtesy routinely granted without Court intervention." Related Case DKT. 37 at 2, PageID 2184. Plaintiff's requests for accelerated hearing, concurrent dispositive briefing, and expedited consideration were denied or denied as moot. Related Case DKTS. 16, 32, 38.

In this case, Defendants filed an "emergency" motion to stay all deadlines through their

anticipated motion to compel arbitration, or alternatively for twenty-one additional days. DKT. 10 at 1, 3, 6, PageID 119, 121, 124. The stay was denied. The extension was granted ninety-five minutes later, before any response. DKT. 12; DKT. 14 at 3, PageID 156.

DKT. 9 requested a court-first § 402(b) determination on the ordinary Local Rule 7.1 schedule. DKT. 9 at 5, PageID 64. Defendants opposed expedition and reserved their § 402 position for their "forthcoming motion to compel arbitration." DKT. 20 at 2 n.1, PageID 1243.

Defendants then moved to strike or restrict 996 appendix pages "immediately," asserting delay "would irreparably harm Defendants." DKT. 23 at 1, 3–4, PageID 1255, 1257–58. The Court ordered expedited briefing the same day. DKT. 25. Plaintiff moved to hold that collateral proceeding until the gateway and sequence are addressed. DKT. 26. That motion remains pending.

Defendants' extension request and appendix motion received expedited treatment. Defendants should not receive the practical benefit of a sequencing determination without an order from the Court.

## II. DEFENDANTS' FILINGS DO NOT SET THE SEQUENCE

Defendants reserved the gateway for a future motion. The Court did not schedule it. DKT. 9 was already pending.

Defendants requested a stay "until the motion to compel arbitration and any appeal are finally decided." DKT. 10 at 6, PageID 124. No gateway ruling or compulsion order existed.

Defendants assert Plaintiff's sequencing request "is not properly before the Court on their motion." DKT. 31 at 1 n.1, PageID 1346. Plaintiff raised sequence via a separate pending motion. DKT. 26.

Defendants invoke "ordinary" practice against Plaintiff's request. DKT. 20 at 3, PageID 1244. Yet their own August 12 motion was an "emergency." DKT. 10 at 1, PageID 119. Their September 2 motion demanded "immediate" action based on asserted irreparable harm. DKT. 23

at 1, 3–4, PageID 1255, 1257–58.

Defendants' filings construct a sequence by default. They reserve issues for future motions, assume stays before rulings issue, and demand immediate action on their own motions while invoking ordinary practice to delay DKT. 9. Sequence belongs to the Court. *Landis*, 299 U.S. at 254.

## III. THE GATEWAY PRECEDES DKT. 23

Congress assigned covered EFAA gateway determinations to the Court. 9 U.S.C. § 402(b) (court determines Chapter 4 applicability and contract validity "irrespective of whether" the challenge is specific to arbitration or the whole contract). Defendants agree the threshold determination belongs to the Court. DKT. 20 at 7, PageID 1248. Sequence remains for the Court to order.

The Court must also decide which agreement governs, which parties are bound, whether a valid delegation exists, and whether waiver, estoppel, or nonsignatory doctrines apply. *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944–45 (1995); *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 296–97 (2010); *Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 528 (5th Cir. 2000).

Defendants' shifting positions leave DKT. 9 first. They first argued DKT. 9 required a more complete record. DKT. 20 at 2, 4, PageID 1243, 1245. They then argued the record was too large and required immediate restriction. DKT. 23 at 1, 3–4, PageID 1255, 1257–58. They now argue DKT. 9 "does not cite or otherwise rely on the Appendices." DKT. 31 at 3, PageID 1348. Under any of those theories, DKT. 23 is not a prerequisite.

## IV. THE FIFTH CIRCUIT LEFT THE SEQUENCE HERE

Fifth Circuit Rule 27.3 limits expedited treatment to "an emergency sufficient to justify disruption of the normal appellate process." Plaintiff moved under that rule. DKT. 28. On

September 9, 2026, the Fifth Circuit granted Plaintiff's motion for an expedited ruling, denied mandamus, and issued judgment as the mandate. *In re Biering*, No. 26-10823 (5th Cir. Sept. 9, 2026); DKTS. 29, 30, PageID 1344–45. The Fifth Circuit ended the appellate proceeding without prescribing a district-court sequence or issuing a gateway ruling. The sequencing decision remains before this Court.

## V. RELIEF REQUESTED AND CONCLUSION

(1) **DECIDE** DKT. 9 first, on the existing briefing, before any gateway referral, arbitration order, stay, merits discovery, record reconstruction, or dependent collateral ruling;

(2) **HOLD** further substantive adjudication of DKT. 23 until DKT. 9 establishes whether and how that collateral dispute remains material;

(3) **LEAVE** the September 18 deadline (DKT. 12) unchanged, and receive Defendants' September 18 filing, to the extent it supplies additional gateway argument, within the Court-established sequence rather than as establishing that sequence by filing;

Covered threshold questions "shall be determined by a court, rather than an arbitrator." 9 U.S.C. § 402(b). DKT. 9 has been fully briefed since August 31.

Respectfully submitted,

*Joshua David Sappi Biering*

**JOSHUA DAVID SAPPI BIERING**
Plaintiff, *Pro Se*
4635 Washburn Avenue
Fort Worth, Texas 76107

## CERTIFICATE OF CONFERENCE

The relief requested here is the relief on which the parties have already conferred, in writing and by telephone, with Christopher S. Dodrill and Elizabeth A. Bones of Greenberg Traurig, LLP, counsel for Defendants, on August 7, 11, 18, 21, and 28, and September 3, 2026. Dkt. 9 at 8; Dkt. 21 at 3; Dkt. 24, App. 6–13; Dkt. 26 at 6. Defendants oppose expedition of Dkt. 9 and have reserved their substantive § 402 position for their September 18 filing. Dkt. 20 at 2 n.1, 4, 7. Nothing in this motion changes the relief on which they stated that position, and agreement could not be reached.

**Joshua David Sappi Biering**
Plaintiff, *Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2026, a true and correct copy of the foregoing document was served upon counsel of record via the Court's CM/ECF system in accordance with the Federal Rules of Civil Procedure.

**Joshua David Sappi Biering**
Plaintiff, *Pro Se*